IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 1:15-CR-309 |
| v. | : | (Chief Judge Conner) |
| JALIL IBN AMEER AZIZ, | : | (electronically filed) |
| Defendant. | : | |

OPPOSITION TO MOTION FOR
RECONSIDERATION OF DETENTION ORDER

The United States of America, by and through undersigned counsel, hereby requests that the defendant's custody status be maintained and that his motion for reconsideration of detention be denied based upon the following:

Background

The defendant, Jalil Ibn Ameer Aziz, was charged in a Criminal Complaint on December 17, 2016. Rec. Doc. No. 3. He was arrested and appeared before the Chief Magistrate Judge the same day. The Chief Magistrate Judge scheduled a detention hearing on December 23, 2015 and ordered the defendant temporarily detained in the custody of the United States Marshal pending the hearing. Rec. Doc. No. 12.

On December 22, 2015, the defendant was indicted and charged with Conspiracy to Provide Material Support and Resources to a

Designated Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339B(a)(1) (Count I) and Attempting to Provide Material Support and Resources to a Designated Foreign Terrorist Organization, in violation of Title 18, United States Code, Section 2339B(a)(1) (Count II). Rec. Doc. No. 13.

On December 23, 2015, the Magistrate Judge conducted a detention hearing and ordered the defendant detained. Rec. Doc. No. 19. The Magistrate Judge found the defendant to be a danger to the community and a risk of flight and concluded that no condition or combination of conditions would reasonably assure the defendant's appearance at future proceedings and the safety of the community. Rec. Doc. No. 19.

On May 12, 2016, the defendant filed a motion to reconsider detention pursuant to Title 18, United States Code, Section 3145(b). Rec. Doc. No. 40.

On May 18, 2016, a Grand Jury sitting in Harrisburg returned a superseding indictment. In addition to Counts 1 and 2 discussed above, the superseding indictment charges the defendant with solicitation of a crime of violence, in violation of Title 18, United States Code, Section

373, and transmitting a threatening communication in interstate commerce, in violation of Title 18, United States Code, Section 875(c). These counts stem from the defendant's dissemination via social media of a list containing the names, addresses, photographs and military branches of approximately 100 U.S. service members. The communication also contained threats to injure the service members, stating "kill them in their own lands, behead them in their own homes, stab them to death as they walk their street thinking that they are safe."

## Discussion

The United States believes that the defendant is both a danger to the community and a risk of flight if released. Additionally, the United States does not believe that any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Therefore, the defendant should remain detained pending trial.

In this case, the Grand Jury has made a probable cause finding that the defendant committed a federal crime of terrorism with a maximum term of imprisonment of ten years or more. *See* 18 U.S.C. §

2339B (providing for a twenty-year maximum term of imprisonment). Therefore, it is presumed that that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community. *See* 18 U.S.C. §§ 2332b(g)(5)(B), 3142(e)(3)(C). The defendant fails to rebut the statutory presumption.

Additionally, the factors set forth in Title 18, United States Code, Section 3142(g) weigh heavily in favor of detention. First, terrorism is one of the offenses specifically enumerated in the statute. *See* § 3142(g) ("The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning . . . (1) the nature and circumstances of the offense charged, including whether the offense is . . . a Federal crime of terrorism . . . . .").

Here, the defendant pledged his allegiance to the Islamic State of Iraq and the Levant ("ISIL") and its leaders, knowing that the organization is and was a designated terrorist organization that engages

4

in terrorist activity and terrorism.  *See* Indictment Counts 1 and 2. Among other things, ISIL has committed systematic abuses of human rights and violations of international law, including indiscriminate killing and deliberate targeting of civilians, mass executions and extrajudicial killings, persecution of individuals and communities on the basis of identity, kidnapping of civilians, forced displacement of Shia communities and minority groups, killing and maiming of children, rape, and other forms of sexual violence.

ISIL has recruited thousands of foreign fighters to Iraq and Syria from across the globe and leveraged technology to spread its violent extremist ideology and for incitement to commit terrorist acts.  On at least three occasions, the defendant assisted in this effort by providing assistance to persons seeking to travel to ISIL-controlled territory.

Using social media, ISIL has called for attacks against citizens - civilian and military - of countries participating in the United States led coalition against ISIL.  As alleged in Counts 3 and 4, the defendant participated in this effort by disseminating a list containing personal identifying information for approximately U.S. service members.  This

list was initially prepared by the self-styled "Islamic State Hacking Division."

Ultimately, the charges in this case are serious. The defendant faces statutory maximum sentences totaling sixty-five years.

Second, the weight of the evidence also weighs in favor of detention. The weight of the evidence against the defendant is particularly strong. Nearly all of the defendant's illegal activity occurred via social media. Although the defendant did not identify himself by name, his public profiles often included details such as age or nationality that are consistent with the defendant. Additionally, Internet protocol logs establish that the accounts used to make these communications were either created or logged into from internet protocol addresses that resolve to the defendant's residence.

Although the defendant shared this residence with his parents, they have denied using any form of social media. On the date of the defendant's arrest, agents located the cellular telephone believed to have made these communications. The telephone was found in the defendant's bedroom, underneath his bed.

The third factor - the history and characteristics of the person- also weighs in favor of detention.   The defendant has limited family ties in the Middle District of Pennsylvania.   His only family ties are his mother and his father.   However, his parents have admitted that they were generally aware of his conduct and unable to stop it.   Moreover, the defendant has no employment history in the United States, no property in the United States, no community ties in the United States and no known prospect of finding employment.

Conversely, the defendant has expressed a desire to travel to ISIL controlled territory, has pledged his allegiance to ISIL, which is based in Syria, and considers ISIL members his brethren.   The defendant also instructed others how to travel to avoid detection when travelling to Syria.

The fourth factor, the nature and seriousness of the danger is very high and weighs in favor of detention.   As mentioned above, ISIL is a designated foreign terrorist organization that has indiscriminately killed civilians.   In addition to disseminating a kill list of United States military service members, the defendant also commanded others to "kill

all kufar (non-believers)." Finally, during a court-authorized search, agents located a tactical-style backpack in the defendant's bedroom. The backpack contained five loaded assault rifle magazines, a knife, a balaclava similar to ones worn by ISIL members, and medication. Agents recovered all of these items during the search of the defendant's residence on the date of his arrest.[1]

There is no new information since the time the Magistrate Judge made his determination finding the defendant to be a flight risk and danger to the community. Counsel for the defendant has cited prison conditions as a basis for the defendant's request for release. As a threshold matter, these conditions are irrelevant to the court's analysis under the applicable statute. The court is required to assess only "whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f).

---

[1] The magazines had been unloaded but were stored with the ammunition.

Moreover, the defendant's initial lack of visits was due to his failure to submit the required paperwork to obtain a PIN. Thereafter, the defendant's parents missed one visit because they were late and another because the area received over 30 inches of snow and all visitations at the prison were canceled. The defendant was placed in an administrative housing unit due to a report that the defendant was attempting to radicalize his roommate. Although the matter was investigated, law enforcement was unable to prove or disprove this claim.[2]

Additionally, the defendant's alleged lack of privileges has been resolved. The defendant was moved from the Administrative Housing Unit to Protective Custody 2, which allows for visits, books and access to the commissary. Although the defendant represents that his parents have been unable to visit him at the Dauphin County Prison for the last ten weeks, the Government arranged for the defendant to meet his parents during an evidentiary presentation on May 4, 2016.

---

2 In Paragraph 11 of his motion, Mr. Thornton inaccurately indicates that he was told the allegation was "unfounded." Rec. Doc. No. 40, p. 2. I believe this to be an inadvertent error in his choice of words. Counsel was informed that law enforcement was unable to prove or disprove the claim.

Additionally his parents were permitted and did meet with him at the Dauphin County Prison on May 16, 2016.

Although the defendant now presents his parents as third party custodians, if released, the defendant would return to the very place he committed the crime, and in the presence of the very same people - his parents.  In fact, his parents supplied the telephone the defendant used to commit the crime.  Finally, the defendant's parents admitted, to varying degrees, that they were generally aware of his conduct and unable to stop him.

## Conclusion

WHEREFORE, the Defendant's motion for Release on Bail should be denied.  As the defendant is entitled to a *de novo* hearing where his application may be heard, the United States does not oppose the Court scheduling the matter for a de novo detention hearing.

                                           Respectfully submitted,
                                           PETER J. SMITH
                                           United States Attorney

Dated:   May 18, 2016       */s/ Daryl F. Bloom*
                                           DARYL F. BLOOM
                                           Assistant United States Attorney
                                           PA 73820

228 Walnut Street, P.O. Box 11754
Harrisburg, Pennsylvania 17108
717/221-4482 (Office)
717/221-2246 (Fax)
Daryl.Bloom@usdoj.gov


 /s/ Robert Sander
ROBERT J. SANDER
Trial Attorney
PA 82116

U.S. Department of Justice
National Security Division
Counterterrorism Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
202/307-1102 (Office)
Robert.Sander@usdoj.gov


 /s/ Adam Small
ADAM L. SMALL
Trial Attorney

U.S. Department of Justice
National Security Division
Counterterrorism Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
202/616-2431 (Office)
Adam.Small@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CR. NO. 1:15-CR-309 |
|---|---|---|
| v. | : | (Chief Judge Conner) |
| **JALIL IBN AMEER AZIZ**, | : | (electronically filed) |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on this Wednesday, May 18, 2016, he caused to be served a copy of the attached

## OPPOSITION TO MOTION FOR
## RECONSIDERATION OF DETENTION ORDER

by electronic means sent to the Defendant's attorney at the following address:

Addressee:
Thomas Thornton, Esq.
Thomas_Thornton@fd.org

                                                  /s/ Daryl F. Bloom
                                                DARYL F. BLOOM
                                                Assistant U.S. Attorney